```
            IN THE UNITED STATES DISTRICT COURT FOR
          THE DISTRICT OF MARYLAND, NORTHERN DIVISION
```

|  |  |
|---|---|
| SE'QUAN BAKER | * |
| Plaintiff, | * |
| v. | CIVIL NO.: WDQ-06-2180 |
| S&S ENTERPRISES | * |
| Defendant. | * |

MEMORANDUM OPINION

Se'Quan Baker has sued S&S Enterprises ("S&S") for violation of his civil rights under 42 U.S.C. § 1981, negligence, and intentional infliction of emotional distress.  Pending is Se'Quan Baker and his mother, Nikita Baker's, motion for joinder.  For the following reasons, the motion to join Nikita Baker will be granted, and Se'Quan Baker will be dropped as the named plaintiff.

I. Background

On August 30, Se'Quan Baker filed his Amended Complaint, correcting the name of the Defendant from "S&S Enterprises, Ltd." to "S&S Enterprises."  On October 25, S&S filed its Answer, raising as a defense Se'Quan Baker's incapacity to sue as a minor.

II.  Discussion

Se'Quan and Nikita Baker now move to join Ms. Baker as a plaintiff to represent her son in this suit, conceding that Se'Quan qualifies as an infant under Federal Rule of Civil Procedure ("Rule") 17(b) and requires Ms. Baker to represent his legal interests.

Rule 17(b) provides in part that "[t]he capacity of an individual . . . to sue or be sued shall be determined by the law of the individual's domicile."  Se'Quan Baker is a resident of Hagerstown, Maryland.  Am. Compl. ¶ 1.  In Maryland, a person under the age of 18 lacks the capacity to sue in his own right.  *See* Md. R. Civ. P. § 2-202 ("individuals under disability to sue may sue by a guardian or other like fiduciary or, if none, by next friend"); Md. R. Civ. P. § 1-202(*l*) (defining "[i]ndividual under disability" as including individuals under 18); Md. Ann. Code art. 1, § 24 ("the term 'minor', as it pertains to legal age and capacity, refers to persons who have not attained the age of eighteen years"); *Fox v. Wills*, 390 Md. 620, 626 (2006) ("minor or disabled person lacks capacity to sue in his or her own right").  Se'Quan Baker, the real party in interest, states he was 15 as of the filing of his Amended Complaint, so he lacks the capacity to bring this action on his own behalf.

Rule 17(c) provides that "[w]henever an infant or incompetent person has a representative, such as a general

2

guardian, . . . the representative may sue or defend on behalf of the infant or incompetent person." Nikita Baker is her son's primary care-taker and provider, and so is qualified to maintain this suit as his guardian under Rule 17(c). Mot. Ex. A (Affidavit of Nikita Baker).

S&S does not oppose Nikita Baker acting as Se'Quan Baker's representative to maintain this action on his behalf, but it does oppose granting the Bakers' motion as written because it seeks to join Nikita Baker as her son's representative without dismissing him from the action. Resp. ¶ 5.

The Court agrees that the Bakers' motion for joinder is deficient in neglecting to voluntarily dismiss Se'Quan Baker as a plaintiff. But, as S&S does not oppose Nikita Baker maintaining this action on her son's behalf, and as the Bakers concede that Se'Quan lacks capacity under Rule 17, in the interests of justice and judicial efficiency, the Court will grant the motion to join Nikita Baker as her son's representative and repair the defect by dropping Se'Quan as a plaintiff. Fed. R. Civ. P. 21 ("Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just.").

III. Conclusion

    For the reasons stated above, the Bakers' motion for joinder will be granted, Nikita Baker will be added as the sole plaintiff suing on behalf of her son, and Se'Quan Baker will be dropped as a named plaintiff suing in his own right.

<u>December 7, 2006</u>　　　　　　　　　　　　　<u>　　　　　/s/　　　　　　</u>
Date　　　　　　　　　　　　　　　　　　　William D. Quarles, Jr.
　　　　　　　　　　　　　　　　　　　　　United States District Judge

4